## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Middle District of Florida, Tampa Division |
|---|---|---|
| Name *(under which you were convicted)*: Nathan Duane Cagle | | Docket or Case No.: |
| Place of Confinement: Beaumont Low FCI | Prisoner No.: 41152-018 | |
| UNITED STATES OF AMERICA  V. | Movant *(include name under which convicted)* Nathan Duane Cagle | |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

    U.S. District Court, Middle District of Florida, Tampa Division

    (b) Criminal docket or case number (if you know): 8:03-cr-221-T-30TGW

2. (a) Date of the judgment of conviction (if you know): 1/22/2004

    (b) Date of sentencing: 1/22/2004

3. Length of sentence: 210 months.

4. Nature of crime (all counts):

    Conspiracy to Possess With Intent to Distribute 500 Grams or More of Methamphetamine (Count 1).

5. What was your plea?
   - (1) Not guilty ☐
   - (2) Guilty ☑
   - (3) Nolo contendere (no contest) ☐

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?   Yes ☐   No ☑

AO 243 (Rev. 01/15)  Page 2

9. If you did appeal, answer the following:
   (a) Name of court: _____
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☐
       If "Yes," answer the following:
       (1) Docket or case number (if you know): _____
       (2) Result: _____
       (3) Date of result (if you know): _____
       (4) Citation to the case (if you know): _____
       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____
        (4) Nature of the proceeding: _____
        (5) Grounds raised:

      (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?
           Yes ☐    No ☐
      (7)  Result: _____
      (8)  Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:
      (1)  Name of court: _____
      (2)  Docket of case number (if you know): _____
      (3)  Date of filing (if you know): _____
      (4)  Nature of the proceeding: _____
      (5)  Grounds raised:

      (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?
           Yes ☐    No ☐
      (7)  Result: _____
      (8)  Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
      (1)  First petition:    Yes ☐    No ☐
      (2)  Second petition:    Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** The mandatory career offender enhancement violated Mr. Cagle's right to due process under the Constitution of the United States.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Cagle was sentenced in 2004, under the then-mandatory sentencing guidelines as a career offender based, in part, on the USSG § 4B1.2 residual clause. The § 4B1.2 residual clause and the Armed Career Criminal Act's (ACCA) residual clause are identically worded. And since the ACCA residual clause was deemed unconstitutionally vague in Johnson v. United States, 135 S. Ct. 251 (2015), it follows that the § 4B1.2 residual clause is also unconstitutionally vague.

Mr. Cagle was subject to the mandatory career offender enhancement based on his prior Florida convictions for: (1) burglary of a dwelling and (2) battery on a law enforcement officer and resisting officer with violence.

The application of the § 4B1.2 residual clause under the mandatory-guideline regime required the Court to impose a higher sentence than it otherwise would have, denying Mr. Cagle due process.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:
  No appeal was filed.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☑
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐   No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐   No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**  N/A - Please Continue to Question 13

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

The only ground asserted here has not been previously presented in a federal court. Mr. Cagle relies on Johnson v. United States, 135 S. Ct. 2551 (2015), which was made retroactively applicable to cases on collateral review by Welch v. United States, 136 S. Ct. 1257, 1268 (2016). The claim was not available prior to those decisions.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:
    Stephen A. Leal, 500 E Kennedy Blvd Ste 200, Tampa, FL 33602

    (b) At the arraignment and plea:
    Stephen A. Leal, 500 E Kennedy Blvd Ste 200, Tampa, FL 33602

    (c) At the trial:
    n/a

    (d) At sentencing:
    Stephen A. Leal, 500 E Kennedy Blvd Ste 200, Tampa, FL 33602

    (e) On appeal:
    n/a

    (f) In any post-conviction proceeding:
    n/a

    (g) On appeal from any ruling against you in a post-conviction proceeding:
    n/a

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐     No ✓

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐     No ✓

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    The decision in Johnson was issued on June 26, 2015. The decision in Welch made Johnson retroactively applicable to cases on collateral review. This motion is timely under 28 U.S.C. § 2255(f)(3) as it is filed within one year of the Johnson decision.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate his entire sentence and resentence him without the Career Offender enhancement.

or any other relief to which movant may be entitled.

/S/ Conrad Benjamin Kahn
Signature of Attorney (if any)

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Undersigned counsel is signing as Movant's counsel of record, having been appointed to represent Movant for this purpose.

/S/ Conrad Benjamin Kahn
Conrad Benjamin Kahn
Research & Writing Attorney
Florida Bar No. 104456
201 South Orange Avenue, Suite 300
Orlando, Florida 32801
Telephone: (407) 648-6338
Facsimile: (407) 648-6765
Email: Conrad_Kahn@fd.org